IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY WRIGHT,

    Petitioner,

v.                                          Civil Action No. 5:18CV35
                                                     (STAMP)

WARDEN ENTZEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Henry Wright, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner is currently incarcerated at FCI Beckley but was incarcerated at FCI Hazelton when he filed this petition. In his petition, petitioner challenges the decision of the United States Parole Commission (the "Commission")to depart 58 months above the re-parole guideline range and alleges that the Commission double counted conduct and considered acquitted conduct when imposing an above guidelines sentence for his most recent parole violation. For relief, the petitioner seeks a correction and/or reduction in his sentence.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

This civil action was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2, and then reassigned to United States Magistrate Judge James P. Mazzone. Following a preliminary review, which determined that summary dismissal was not appropriate, the respondent was ordered to show cause why the petition should not be granted. ECF No. 4. The respondent filed a motion to dismiss or, in the alternative, for summary judgment, together with a supporting memorandum of law and exhibits. ECF No. 10. A <u>Roseboro</u> notice was issued. ECF No. 11. The petitioner filed a response in opposition. ECF No. 13. Petitioner then filed an additional response. ECF No. 14.

Magistrate Judge James P. Mazzone issued a report and recommendation (ECF No. 21) recommending that the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 10) be granted, that the petitioner's petition (ECF No. 1) be denied and dismissed with prejudice to the extent that it challenges the decision of the Commission and be denied and dismissed without prejudice to the extent that it seeks relief under Rule 35(b) of the Criminal Rules of the District of Columbia Superior Court. ECF No. 21 at 15. The petitioner did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

2

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly noted that in the instant case, there is no dispute that the Commission revoked the petitioner's parole after he was released from incarceration following expiration of his Maryland sentence. Nor is there a dispute that the Commission chose to exceed the guideline range of 60-72 months to be served based on his salient factor score of 1 and an offense severity rating of five. The petitioner does not contest the Commission's computation of either his Salient Factor Score or offense severity. Instead, the petitioner's claim is that the Commission engaged in double counting by considering his violation behavior and his criminal history to determine both his guideline range and justify its

3

decision to continue him to the expiration of his sentence, a period of approximately 58 months above the top end of the guideline range.

As the magistrate judge correctly noted, parole actions are subject to review only to determine whether the Commission violated the Constitution, its enabling statute, or parole regulations. Garcia v. Neagle, 660 F.2d 983 (4th Cir. 1981). After analysis, the magistrate judge properly concluded that the decision to revoke the petitioner's parole and continue him to the expiration of his sentence does not constitute any such violation.

The magistrate judge also properly concluded that, to the extent the petition seeks other relief, this Court clearly does not have jurisdiction over a motion to reduce a sentence pursuant to Rule 35(b) of the Criminal Rules of the District of Columbia Superior Court. Nor has the petitioner made any allegation that would satisfy the four prong savings clause established by the Fourth Circuit in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Accordingly, as the magistrate judge correctly noted, to the extent the petition is seeking a reduction is his sentence pursuant to Rule 35(b), the same should be dismissed for lack of jurisdiction.

Thus, the magistrate judge concluded that the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 10) should be granted, that the petitioner's petition (ECF No.

1) should be denied and dismissed with prejudice to the extent that it challenges the decision of the Commission and should be denied and dismissed without prejudice to the extent that it seeks relief under Rule 35(b) of the Criminal Rules of the District of Columbia Superior Court. ECF No. 21 at 15.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 21) is AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 10) is GRANTED, and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE to the extent that it challenges the decision of the Commission and is DENIED and DISMISSED WITHOUT PREJUDICE to the extent that it seeks relief under Rule 35(b) of the Criminal Rules of the District of Columbia Superior Court.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   February 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE